■ FRANK J. CORIGLIANO, Respondent, v DEBORAH CORIGLIANO et al., Appellants. (Action No. 1.) ANTHONY CORIGLIANO, Respondent, v DEBORAH CORIGLIANO et al., Appellants. (Action No. 2.) — In two actions for an accounting and for related relief, defendants appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated November 6, 1981, as (1) denied their motion for recusal of the court, (2) denied their cross motion for temporary injunctive relief against plaintiff Anthony Corigliano and (3) granted those branches of plaintiffs' motions which were for the appointment of a receiver *pendente lite.* Order modified by deleting therefrom the provisions relating to the granting of those branches of plaintiffs' motions which were for the appointment of a receiver *pendente lite,* and substituting therefor provisions denying said branches, and enjoining defendants from selling, transferring, destroying, secreting or removing from this State any of the assets of the estate of Gary Corigliano, deceased, doing business as United Carting Company and Unity Rubbish and Carting Corp., pending the trial of the actions. As so modified, order affirmed, insofar as appealed from, without costs or disbursements (see 7A Weinstein-Korn-Miller, NY Civ Prac, par 6401.05; *Cass v Realty Securities Co.,* 144 App Div 916; *Mester v Morgenstern,* 281 App Div 967). Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.

■ FRANK J. CORIGLIANO, Respondent, v DEBORAH CORIGLIANO et al., Appellants. (Action No. 1.) ANTHONY CORIGLIANO, Respondent, v DEBORAH CORIGLIANO et al., Appellants. (Action No. 2.) — In two actions for an accounting and for related relief, defendants appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated December 3, 1981, as (1) granted plaintiff Frank J. Corigliano's motion for an examination before trial of defendant Deborah Corigliano, and appointed a referee to conduct it, (2) denied that branch of defendants' cross motion which was for a protective order addressed to the schedule of documentation annexed to plaintiff Frank J.

Corigliano's (hereinafter plaintiff) notice of examination, (3) denied that branch of defendants' cross motion which was for an order directing the withdrawal of plaintiff's attorneys as counsel, and (4) denied that branch of defendants' cross motion which was for a stay of the examination, and all other proceedings in the action, until such time as a substitution of plaintiff's attorneys has been implemented. Order modified by deleting therefrom the provisions denying those branches of the defendants' cross motion which were for an order directing the withdrawal of plaintiff's attorneys as counsel and to stay the examination before trial of defendant Deborah Corigliano and all other proceedings in the action, until such time as a substitution of plaintiff's attorneys has been implemented, and substituting therefor provisions granting said branches of the cross motion. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. It appears from the record that David Avstreih, attorney for plaintiff, formerly represented the deceased defendant, Gary Corigliano, in connection with the business ventures which are the subject of the instant actions, before they were commenced. We make no finding that his continued representation of plaintiff in his action would involve any actual impropriety on his part. However in order to avoid even the appearance of professional impropriety, we find that it would be inappropriate for Mr. Avstreih, or any member of his firm, Avstreih, Martino & Weiss, to continue representing plaintiff in his action. We therefore direct him to withdraw as counsel for plaintiff, and order a stay of the examination before trial of defendant Deborah Corigliano, and all other proceedings in the action, until such time as substitution has been implemented (see Code of Professional Responsibility, Canons 4, 9). Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.